JAMIE K. SERB (OSB No. 262027)
VICTORIA E. AINSWORTH (OSB No. 222799)
**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Telephone: (866) 276-7637
Facsimile: (310) 510-6429
jamie@crosnerlegal.com
tainsworth@crosnerlegal.com
*Attorneys for Plaintiff, Robert Pielaet*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**PORTLAND DIVISION**

ROBERT PIELAET, individually and on behalf of all similarly situated individuals pursuant to 29 U.S.C. § 216(b), and on behalf of all others similarly situated,

Plaintiff,

v.

LEGACY HEALTH; LEGACY HEALTH SYSTEM CPC, LLC; and DOES 1-20, inclusive,

Defendants.

Case No.: 3:26-cv-2378

**CLASS ACTION ALLEGATION AND COLLECTIVE ACTION COMPLAINT FOR:**

**1. Failure to Pay Wages Owed for Noncompliant Meal Periods (ORS 653.055; ORS 652.610; OAR 839-020-0050)**
**2. Failure to Compensate for Off-the-Clock Work (ORS 653.010; and ORS 653.055;)**
**3. Failure to Pay Overtime Wages (ORS 653.261; OAR 839-020-0030)**
**4. Unlawful Deductions from Wages (ORS 652.610; ORS 652.615)**
**5. Failure to Pay Overtime Wages - Fair Labor Standards Act (29 U.S.C. §§ 207, 216(b))**

**DEMAND FOR JURY TRIAL**

Plaintiff, Robert Pielaet ("Plaintiff"), by and through the undersigned attorneys, individually and on behalf of all similarly situated individuals pursuant to 29 U.S.C. § 216(b), and on behalf of all others similarly situated, alleges as follows:

## NATURE OF THE ACTION

1. This is a proposed wage-and-hour collective and class action brought under Oregon's wage and hour laws, ORS chapters 652 and 653, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., seeking damages, penalty wages, statutory damages, and other relief for Defendants' failure to provide and pay for legally compliant meal periods; failure to compensate Plaintiff and similarly situated employees for all hours worked; unlawful deductions from wages; failure to pay overtime wages at the rate required by Oregon law; and failure to pay overtime wages at the rate required by the FLSA.

2. Defendants employed Plaintiff as an hourly, non-exempt Surgical Technologist, Certified Surgical Technologist, scrub technologist and/or similar job title/position in Oregon beginning in or about 2016. Throughout the relevant period, Defendants classified Plaintiff as non-exempt and paid Plaintiff on an hourly basis, together with non-discretionary remuneration, including but not limited to, shift differential pay, on-call incentive pay, standby pay, and/or preceptor pay.

3. Based on information and belief, Defendants deducted time from the paid hours of Plaintiff and other non-exempt Oregon employees for purported meal periods that were less than thirty (30) continuous minutes and/or were worked through in their entirety, without paying the meal period wages required by Oregon law, and entered and/or edited employees' recorded meal period start and stop times after the fact. Based on information and belief, Defendants also made deductions from employees' wages without valid written authorization. As a result, Defendants



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

systematically failed to compensate Plaintiff and Class Members for all hours worked, including hours worked in excess of forty (40) in a workweek.

## JURISDICTION & VENUE

4. This Court has original subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), as that claim arises under the laws of the United States.

5. This Court has supplemental jurisdiction over Plaintiff's Oregon state law claims pursuant to 28 U.S.C. § 1367(a), as those claims are so related to the FLSA claim that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district - specifically, at Defendants' hospital facility known as Legacy Good Samaritan Medical Center, located in Portland, Oregon - and because Defendants are subject to personal jurisdiction in this district. Assignment to the Portland Division is proper because Multnomah County lies within that Division.

## THE PARTIES

7. Plaintiff worked for Defendants in the State of Oregon as a Surgical Technologist, Certified Surgical Technologist, scrub technologist and/or similar job title/position, beginning in or about 2016.

8. Defendant, Legacy Health ("Legacy Health"), is an Oregon nonprofit corporation doing business in the State of Oregon, with its principal place of business in Portland, Oregon. Based on information and belief, Legacy Health owns, operates, and/or manages hospital and other facilities in the State of Oregon, including the



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

facility known as Legacy Good Samaritan Medical Center, located in Portland, Oregon, to which Defendants assigned Plaintiff.

9. Defendant, Legacy Health System CPC, LLC ("Legacy CPC"), is an Oregon limited liability company doing business in the State of Oregon, with its principal place of business in Portland, Oregon. Based on information and belief, Legacy CPC issues wage statements to and reports the wages of Legacy Health's hourly employees. Through their business operations, Defendants transact business within the District of Oregon and throughout the State of Oregon.

10. According to the records of the Oregon Secretary of State, Corporation Division, Legacy Health and Legacy CPC share the same principal place of business in Portland, Oregon, and share the same registered agent for service of process in Oregon. The records of the Oregon Secretary of State further reflect that Legacy Health is the member of record of Legacy CPC. Based on information and belief, Legacy CPC is a wholly owned subsidiary of Legacy Health and operates as part of Legacy Health's enterprise.

11. Legacy Health and Legacy CPC appear interchangeably throughout Plaintiff's employment records. The offer letters issued to Plaintiff identify Legacy Health as the entity extending the offer of employment; Defendants' human resources records concerning changes to Plaintiff's position, pay, and employment status are issued under the Legacy Health name; Defendants' employment application, new hire forms, and background check disclosure and authorization forms are issued in the name of Legacy Health and/or Legacy Health System, a former name of Legacy Health reflected in the records of the Oregon Secretary of State; and Defendants' electronic timekeeping records and written policies, including their timekeeping and attendance policy, are likewise issued in the Legacy Health and/or Legacy Health System name. Legacy CPC, in turn, is the entity



CROSNER LEGAL, P.C.
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

identified on Plaintiff's itemized wage statements and on the annual wage and tax statements (Form W-2) reporting Plaintiff's wages, in each case identified as acting on behalf of Legacy Health and/or its affiliated hospital facility.

12. Based on information and belief, Defendants' human resources, timekeeping, and payroll policies are promulgated, approved, and administered by Legacy Health at the enterprise level and apply to Defendants' hourly employees regardless of the entity by which they are paid or the entity identified on their wage statements. Legacy Health thereby exercises control over the actual employment conditions of the hourly employees whose wages are paid and reported by Legacy CPC. Each Defendant, directly or through common management, possessed and exercised the power to hire and fire Plaintiff and Class Members, supervised and controlled their schedules and conditions of employment, determined the rate and method of their payment, and maintained their employment records. Defendants jointly employed Plaintiff and Class Members and are jointly and severally liable for the wages, penalty wages, and other relief sought herein.

13. At all relevant times, Defendants were "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203, and, based on information and belief, grossed more than $500,000 in each of the last three calendar years.

14. At all relevant times, Defendants were "employers" within the meaning of ORS 652.310(1), which defines an employer as "any person who in this state, directly or through an agent, engages personal services of one or more employees," and Defendants employed Plaintiff and Class Members within the meaning of ORS 653.010(2), which provides that "employ" includes "to suffer or permit to work."

15. Additional individuals and/or entities, known to Defendants but not yet identified by Plaintiff (and identified herein as Does 1-20), employ and/or manage



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

employees on behalf of Defendants and are statutory employers under Oregon law because of their managerial role and/or their control over the terms and conditions of employment of Plaintiff and Class Members. Does 1-20 are also "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d), to the extent they acted directly or indirectly in the interest of Legacy Health and/or Legacy CPC in relation to Plaintiff and the FLSA Collective.

## CLASS AND COLLECTIVE ALLEGATIONS

16. Plaintiff brings the Oregon state law claims in this action on behalf of Plaintiff, and all others similarly situated, as a proposed class action pursuant to Federal Rule of Civil Procedure 23. The Class that Plaintiff seeks to represent is defined as follows:

> **Class Members**: All current and former non-exempt employees who worked for any one or more of the Defendants at any location in the State of Oregon at any time from six years prior to the filing of this Complaint through the date of the Court's order certifying the Class ("Class Period").

17. Plaintiff brings the Third Cause of Action on behalf of Plaintiff and the following subclass:

> **Overtime Subclass Members:** All Class Members who worked more than forty (40) hours in one or more workweeks at any time from two years prior to the filing of this Complaint through the date of the Court's order certifying the Class ("Overtime Subclass Period").

18. Plaintiff additionally brings the Fifth Cause of Action as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of a Collective defined as follows:



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

> **The "FLSA Collective" is defined as follows:** All current and former non-exempt employees who worked for any one or more of the Defendants at any location in the State of Oregon at any time during the statutory period who were subject to any of the following timekeeping or pay practices:
> (a) **Noncompliant Meal Periods** (working during unpaid meal periods that were on-duty, interrupted, and/or shortened to less than thirty (30) minutes, including when they were not paid at one and one-half times their regular rate of pay for all overtime hours worked when they worked more than forty (40) hours in a workweek); and/or
> (b) **Pre- /Post-Shift Off-The-Clock Work** (performing uncompensated work before clocking in for the start of shifts and/or after clocking out at the end of shifts, including when they were not paid at one and one-half times their regular rate of pay for all overtime hours worked when such time caused their hours to exceed forty (40) in a workweek).

Plaintiff's Consent to Join Collective Action pursuant to 29 U.S.C. § 216(b) is attached hereto as **Exhibit 1**. Other FLSA Collective members may sign Consent to Join Collective Action forms and join as opt-in plaintiffs in this action in the future.

19. Plaintiff reserves the right to amend or modify the class, subclass, and collective descriptions with greater specificity, by division into further subclasses, or by limitation to particular issues.

20. There are at least one hundred current and former hourly-paid employees of Defendants in the Class. Given Defendants' systematic failure to comply with Oregon wage and hour laws and the FLSA regarding the provision and payment of compliant meal periods and the payment of wages for all hours worked, the members of the Class, the Overtime Subclass, and the FLSA Collective are so numerous that joinder of all members is impractical.

21. Plaintiff's claims are typical of the claims of the Class Members because (1) Plaintiff is a member of the putative Class; (2) Plaintiff's claims stem



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

from the same practice or course of conduct that forms the basis of the Class claims; (3) all of the Class claims are based on the same facts and legal theories; and (4) the injuries that Plaintiff suffered are similar to the injuries that other Class Members suffered and continue to suffer, and they are relatively small compared to the expenses and burden of individual prosecutions of this litigation.

22. Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff has no conflict of interest with any Class Member. Plaintiff has retained competent and experienced counsel in complex class action litigation. Plaintiff's counsel has the expertise and financial resources to adequately represent the interests of the Class.

23. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to Plaintiff and Class Members are the following:

a. Whether Defendants failed to compensate Plaintiff and Class Members when Defendants failed to provide Plaintiff and Class Members with duty-free, uninterrupted thirty (30) minute meal periods required by OAR 839-020-0050;

b. Whether Defendants maintained an official or unofficial policy, custom, pattern, and practice of deducting time from employees' paid hours for purported meal periods that were not provided in compliance with Oregon law;

c. Whether Defendants maintained an adequate system for recording compensable work time, and for permitting employees to record, actual meal period start and stop times and noncompliant meal periods;

d. Whether Defendants failed to compensate Plaintiff and Class Members for



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

all hours worked, including preparing work areas, gathering supplies and equipment, and/or other work tasks, before clocking in for the start of shifts, after clocking out at the end of shifts, during unpaid meal periods, and/or otherwise outside of recorded shift times;

e. Whether Defendants' meal period deduction and time-editing practices resulted in the systematic under-recording of hours worked;

f. Whether Defendants unlawfully withheld, deducted, or diverted wages in violation of ORS 652.610(3), entitling Plaintiff and Class Members to actual damages or $200, whichever is greater, under ORS 652.615 for Defendants' violations of ORS 652.610(3);

g. Whether Defendants failed to pay Overtime Subclass Members one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of ORS 653.261;

h. Whether Defendants violated the FLSA by failing to pay Plaintiff and FLSA Collective members overtime at one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek;

i. Whether Defendants' FLSA violations were willful within the meaning of 29 U.S.C. § 255(a);

j. Plaintiff anticipates that Defendants' defenses will also raise common questions of law and fact; and

k. The nature and extent of class-wide and collective damages and the measure of damages for the Class, the Overtime Subclass, and the FLSA Collective.

24. Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

effort, or expense that numerous individuals would otherwise entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class Members are readily identifiable from Defendants' employee rosters and/or timekeeping and payroll records.

25. Defendants' actions are generally applicable to each of the Class Members. Prosecution of separate actions by individual members of the Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which in turn, would establish incompatible standards of conduct for Defendants.

26. Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Furthermore, the amounts at stake for many of the Class, while substantial, may not be sufficient to enable them to maintain separate suits against Defendants.

27. Pursuant to ORCP 32 H, Plaintiff, through counsel, served Defendants with written notice of the alleged causes of action, accompanied by a demand that Defendants correct or rectify the alleged wrongs, on or about August 25, 2026. More than thirty (30) days have elapsed since service of that notice, and Defendants have failed to correct or rectify the alleged wrongs. Plaintiff has substantially complied with all requirements for the filing of this Complaint and has exhausted any administrative remedies and/or statutory prerequisites prior to filing, commencing, and serving the within action.

## FACTUAL BACKGROUND

28. During the Class Period, Plaintiff and each of the Class Members



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

worked for Defendants in the State of Oregon.

29. Defendants assigned Plaintiff to the facility known as Legacy Good Samaritan Medical Center, located in Portland, Oregon, where Plaintiff worked as a Surgical Technologist, Certified Surgical Technologist, scrub technologist and/or similar job title/position.

30. Defendants paid Plaintiff a base hourly rate for time counted by Defendants as hours worked, and Plaintiff's rate of pay in 2026 was approximately $46.84 per hour. At times, Defendants also compensated Plaintiff with non-discretionary remuneration, including but not limited to, shift differential pay, on-call incentive pay, standby pay, and/or preceptor pay.

31. Plaintiff regularly worked shifts of six (6) hours or more.

32. Defendants paid Plaintiff overtime compensation in multiple pay periods.

**<u>Meal Period Wage Violations</u>**

33. Oregon law requires employers to provide employees a duty-free, uninterrupted thirty (30) minute meal period when an employee works a work period of not less than six (6) hours or more than eight (8) hours, and the employee must be relieved of all duties during the meal period. OAR 839-020-0050, section (2)(a). Employers must provide additional meal periods when an employee's work period is more than eight (8) hours, as set forth in Appendix A of the rule. OAR 839-020-0050, section (2)(c).

34. If an employee is not relieved of all duties for thirty (30) continuous minutes during the meal period, the employer must pay the employee for the entire thirty (30) minute meal period. OAR 839-020-0050, section (2)(b). Employers must pay employees for any missed or unlawful meal period (e.g., less than 30 minutes, interrupted meal period, not relieved of all duties, or failure to provide additional



CROSNER LEGAL, P.C.
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

meal periods for work periods exceeding eight hours). *Id*; see also *Maza v. Waterford Operations, LLC*, 300 Or. App. 471 (2019).

35. Defendants systematically failed to compensate Plaintiff and Class Members when it systematically failed to provide Plaintiff and Class Members with legally compliant meal periods. Specifically:

36. During the relevant period, Defendants at times failed to relieve Plaintiff and Class Members of all duties for thirty (30) continuous minutes during purported meal periods. At times, Plaintiff's meal periods were missed, interrupted, cut short, and/or otherwise not duty free. Based on information and belief, Defendants maintained a policy and practice, applied uniformly to hourly employees who performed the same or similar job duties, of failing to relieve employees of all duties for thirty (30) continuous minutes during their meal periods, as required by OAR 839-020-0050(2)(a).

37. Plaintiff and other employees in Plaintiff's department were expected, as a matter of departmental practice, to carry Defendants' communication devices during meal periods, and Plaintiff's meal periods were at times interrupted when Plaintiff was contacted through such a device and required to return to an operating room, address a work matter, and/or perform other work tasks before thirty (30) continuous minutes had elapsed, resulting in Defendants' failure to compensate Plaintiff for all hours worked and the underpayment of wages owed. Based on information and belief, Class Members were subject to the same practice, resulting in Defendants' failure to compensate them for all hours worked and the underpayment of wages owed.

38. Based on information and belief, Defendants maintained a policy and practice of deducting time from employees' paid hours for purported meal periods that were less than thirty (30) continuous minutes, that were interrupted, and/or that



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

were worked through in their entirety, even when a legally compliant meal period was not actually provided.

39. For example, a sample of Defendants' time records for Plaintiff reflects that Plaintiff clocked out for meal periods lasting less than thirty (30) continuous minutes on dates including, but not limited to, the following: May 20, 2022 (approximately twenty-eight (28) minutes); March 24, 2023 (approximately twenty-two (22) minutes); May 10, 2023 (approximately twenty-seven (27) minutes); August 16, 2023 (approximately twenty-eight (28) minutes); September 6, 2023 (approximately twenty-six (26) minutes); October 20, 2023 (approximately eighteen (18) minutes); and March 12, 2026 (approximately twenty-seven (27) minutes).

40. On each such shift, Plaintiff was not relieved of all duties for thirty (30) continuous minutes, Defendants deducted time from Plaintiff's paid hours for the purported meal period, and Defendants did not pay Plaintiff for the entire thirty (30) minute meal period as OAR 839-020-0050(2)(b) requires.

41. Defendants also at times engaged in unauthorized time editing, including of the start and stop times of Plaintiff's meal periods, such that Plaintiff's recorded meal period start and stop times were entered and/or edited after the fact. Defendants' management at times adjusted Plaintiff's recorded meal period times to reflect thirty (30) minutes, and/or directed Plaintiff to make such adjustments, resulting in Defendants' failure to compensate Plaintiff for all hours worked and the underpayment of wages owed. Based on information and belief, Defendants engaged in the same time-editing practices as to Class Members, resulting in Defendants' failure to compensate them for all hours worked and the underpayment of wages owed.

42. Based on Defendants' own records, Plaintiff took a meal period that was less than thirty (30) minutes long, and/or was otherwise not relieved of all duties



CROSNER LEGAL, P.C.
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

for thirty (30) continuous minutes, on one or more days during one or more of the following workweeks: workweek beginning on May 15, 2022, workweek beginning on March 19, 2023, workweek beginning on May 7, 2023, workweek beginning on August 13, 2023, workweek beginning on September 3, 2023, workweek beginning on October 15, 2023, and workweek beginning on March 8, 2026.

43. To the extent Defendants' timekeeping records reflect meal periods of less than thirty (30) continuous minutes, Defendants are liable to Plaintiff and Class Members for the entire thirty (30) minute meal period for each such meal period. *Maza*, 300 Or. App. at 477; *Athena v. Pelican Brewing Co.*, 345 Or. App. 172, 189, 583 P.3d 550 (2025), *rev. allowed*, 375 Or. 395 (2026).

44. Defendants failed to compensate Plaintiff and Class Members for each noncompliant meal period where wages were due to Plaintiff and Class Members, in violation of OAR 839-020-0050 and ORS 653.055 (see also *Athena*, 345 Or. App. at 189).

45. Defendants had no policy or practice permitting Plaintiff and Class Members to record noncompliant meal periods, or to compensate Plaintiff and Class Members for noncompliant meal periods.

**Off-the-Clock Work and Time Editing**

46. Oregon law requires employers to pay employees at least the minimum wage as prescribed by the Commissioner of the Bureau of Labor and Industries pursuant to ORS 653.010 to 653.261, ORS 653.025 and ORS 653.055(1). Under Oregon law, "employ" includes "to suffer or permit to work," meaning employers must compensate employees for all time worked, including work the employer knew or should have known was being performed, regardless of whether it was explicitly authorized. ORS 653.010(2). "Work time" includes both time worked and time of authorized attendance. ORS 653.010(11).



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

47. Defendants sometimes required, suffered, and/or permitted Plaintiff to perform compensable work that Defendants did not record and pay, including preparing work areas, gathering supplies and equipment, and/or other work tasks performed before clocking in for the start of shifts, after clocking out at the end of shifts, during unpaid meal periods, and/or otherwise outside of scheduled shift times. Based on information and belief, Defendants likewise required, suffered, and/or permitted Class Members to perform such work.

48. Plaintiff sometimes engaged in mandatory, uncompensated tasks, including preparing work areas, gathering supplies and equipment, and/or other work tasks, prior to the official commencement of Plaintiff's compensable shifts, including tasks that were integral and indispensable to Plaintiff's principal job duties, that Defendants required to be performed at Defendants' facilities and for Defendants' benefit, and for which Defendants failed to compensate Plaintiff. Based on information and belief, Class Members likewise engaged in such tasks prior to the official commencement of their compensable shifts and/or after the end of their compensable shifts, for which Defendants failed to compensate them.

49. Defendants did not permit Plaintiff to clock in more than a short time before Plaintiff's scheduled shift start time, yet the work required to be ready at the start of the shift often could not be completed in that time. As a result, Plaintiff frequently arrived before Plaintiff was permitted to clock in and prepared operating rooms, gathered supplies and equipment, and/or performed other work tasks off the clock so that work could begin on schedule, particularly at the start of morning shifts, resulting in Defendants' failure to compensate Plaintiff for all hours worked and the underpayment of wages owed. Based on information and belief, Class Members were subject to the same practice, resulting in Defendants' failure to compensate them for all hours worked and the underpayment of wages owed.



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

50. Defendants at times engaged in unauthorized time editing, including by entering and/or editing Plaintiff's recorded meal period start and stop times after the fact, such that recorded time did not reflect all time actually worked, resulting in Defendants' failure to compensate Plaintiff for all hours worked and the underpayment of wages owed. Based on information and belief, Defendants engaged in the same practice as to Class Members, with the same result.

51. These practices resulted in systematic failure to pay employees for all hours worked, in violation of ORS 653.055.

52. To the extent the off-the-clock work and time editing described above caused Plaintiff's and Class Members' hours to exceed forty (40) in a workweek, Plaintiff and Class Members worked more than forty (40) hours in a workweek without receiving all overtime compensation owed.

**Unpaid Overtime Wages**

53. Under ORS 653.261 and OAR 839-020-0030, employers are required to pay one and one-half times the regular rate for all hours worked in excess of forty (40) hours in a workweek.

54. The deducted meal period time described above, during which Plaintiff was not relieved of all duties, and the off-the-clock work described above, were hours worked, and in workweeks in which Plaintiff worked in excess of forty (40) hours, Defendants failed to count that time as hours worked or to pay overtime for it at one and one-half times Plaintiff's regular rate of pay, inclusive of all remuneration includable in the regular rate of pay under Oregon law. Based on information and belief, Defendants did the same as to Overtime Subclass Members in workweeks in which they worked in excess of forty (40) hours, and/or in work periods for which Defendants were otherwise obligated to pay an overtime premium.

55. Plaintiff worked in excess of forty (40) hours and did not receive all



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

overtime owed during one or more of the following workweeks: workweek beginning on March 16, 2025.

**Unlawful Deductions**

56. Oregon law prohibits employers from making unlawful deductions from employee wages. ORS 652.610; ORS 652.615. When an employer deducts time from an employee's recorded work hours for a purported meal period but fails to actually relieve the employee of all duties during that time, the employer has unlawfully withheld earned wages. OAR 839-020-0050, section (2)(b); ORS 653.055(1).

57. Meal period deductions/automatic deductions from work time for meal periods during which employees were not provided or otherwise were not relieved of all duties and Defendants' control constitute unlawful wage deductions in violation of ORS 652.610. Such deductions result in employees being paid less than the wages to which they are entitled, creating liability under Oregon's minimum wage law. ORS 653.055(1).

58. Defendants required Plaintiff, and based on information and belief Class Members, to perform uncompensated work during purported meal periods, as set forth above, and deducted time from recorded work time for purported meal periods during which employees were not actually relieved of all duties and Defendants' control, resulting in unlawful withholding of earned wages in violation of ORS 652.610 and minimum wage violations under ORS 653.055.

59. In addition, under ORS 652.610(3), an employer may not withhold, deduct, or divert any portion of an employee's wages unless one of the conditions enumerated in that statute is satisfied, including that the deduction is voluntarily authorized in writing by the employee, is for the employee's benefit, and is recorded in the employer's books.



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

60. Based on information and belief, Defendants also made deductions from Class Members' wages, as identified on their itemized wage statements, without obtaining written authorizations satisfying ORS 652.610(3).

61. Defendants were actually aware, or through reasonable diligence should have been aware, that Plaintiff and Class Members were at times working during purported meal periods and working off the clock without receiving compensation for all hours worked, and that Defendants made deductions from their wages without valid written authorization, based on, inter alia, Defendants' own timekeeping, timekeeping audit, and payroll records, and the direct observation and control of Defendants' supervisors. Accordingly, Defendants were on notice, or should have been on notice, of their violations of Oregon wage and hour laws and the FLSA.

62. Defendants' violations were willful and not the result of inadvertence or carelessness, and there was no bona fide dispute regarding the payment of the wages owed.

## FIRST CAUSE OF ACTION

### Failure to Pay Wages Owed for Noncompliant Meal Periods

### ORS 653.055; OAR 839-020-0050; ORS 652.610

### On Behalf of Plaintiff and Class Members

63. Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.

64. As described above, Defendants at times required Plaintiff and Class Members to work through unpaid meal periods. Plaintiff's and Class Members' work demands at times prevented them from taking uninterrupted and/or duty-free meal periods throughout the workday. Defendants did not pay Plaintiff and Class Members the wages owed for their missed or noncompliant meal periods as required



CROSNER LEGAL, P.C.
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

by Oregon law.

65. OAR 839-020-0050 requires employers to provide employees, for each work period of not less than six (6) or more than eight (8) hours, a meal period of not less than thirty (30) continuous minutes during which the employee is relieved of all duties.

66. If an employee is not relieved of all duties for thirty (30) continuous minutes during the meal period, the employer must pay the employee for the entire thirty (30) minute meal period. OAR 839-020-0050(2)(b). The amounts owed under OAR 839-020-0050(2)(b) are wages, not a penalty: an employer that fails to pay them "has paid the employee 'less than the wages to which the employee is entitled'" within the meaning of ORS 653.055, and the employee has a private right of action to recover those wages. *Athena v. Pelican Brewing Co.*, 345 Or. App. 172, 189, 583 P.3d 550 (2025), *rev. allowed*, 375 Or. 395 (2026); see also *Maza v. Waterford Operations, LLC*, 300 Or. App. 471, 477 (2019).

67. Despite these requirements, Defendants have knowingly and willfully required, suffered, and/or permitted Plaintiff and Class Members to work during their unpaid meal periods without compensation.

68. As described above, Defendants unlawfully deducted compensable time from Plaintiff and Class Members. Such deductions from wages constitute unlawful withholding of earned wages in violation of ORS 652.610, and since Defendants reduced the total compensation owed to employees below the wages actually earned for all work time, Defendants' meal period deduction practices resulted in minimum wage violations under ORS 653.055.

69. Defendants have failed to pay Plaintiff and Class Members thirty (30) minutes of wages at their regular rate of pay for each meal period that was missed, shortened to less than thirty (30) continuous minutes, interrupted, and/or during



CROSNER LEGAL, P.C.
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

which they were not relieved of all duties. Defendants' conduct described herein violates OAR 839-020-0050 and ORS 653.055.

70. Therefore, Plaintiff and Class Members are entitled to recover the full amount of the wages owed for each noncompliant meal period, less any amount actually paid, plus interest, attorney fees, expenses, and costs of suit. ORS 653.055(1), (4); ORS 652.200; ORS 82.010. Because the amounts owed under OAR 839-020-0050(2)(b) are wages rather than a penalty, Defendants are liable for such unpaid wages for a period of six (6) years from the date the wages were earned. ORS 12.080; *Athena*, 345 Or. App. at 190-91.

71. In the alternative to the meal period wages described above, Plaintiff and Class Members are also entitled to actual damages or $200, whichever is greater, under ORS 652.615 for Defendants' violations of ORS 652.610(3).

72. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in amounts to be determined at trial.

## <u>SECOND CAUSE OF ACTION</u>

### Failure to Compensate for Off-the-Clock Work

### ORS 653.010 and ORS 653.055

### On Behalf of Plaintiff and Class Members

73. Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.

74. ORS 653.010(2) defines "employ" to include "to suffer or permit to work." ORS 653.010(11) defines "work time" to include "both time worked and time of authorized attendance."

75. ORS 653.055(1) makes any employer liable to an employee who is paid less than the wages to which the employee is entitled under ORS 653.010 to 653.261 for the full amount of the wages owed, less any amount actually paid.



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

76. As described above, Defendants deprived Plaintiff and Class Members of wages owed by failing to compensate them for all "work time" and "off-the-clock" work, including preparing work areas, gathering supplies and equipment, and/or other work tasks, performed before and after recorded shifts, during unpaid meal periods, and/or otherwise outside of scheduled shift times, including time removed or altered through unauthorized time editing, in violation of Oregon's minimum wage laws.

77. Under Oregon law, employers must pay each employee for all hours worked. Oregon's wage and hour laws "contemplate that every employee will be paid for all hours worked," and Oregon law "requires each employee to be paid for all of the time the employee works." *Eisele v. Home Depot U.S.A., Inc.*, 643 F. Supp. 3d 1175 (D. Or. 2022).

78. As a result of Defendants' violations of ORS 653.055, Plaintiff and Class Members are entitled to the full amount of wages owed, less any amounts actually paid, for all uncompensated work time. Defendants are liable for unpaid wages for a period of six (6) years from the date the wages were earned pursuant to ORS 12.080; *Makaneole v. SolarWorld Indus. Am., Inc.*, 2016 WL 7856433 (D. Or. Sept. 2, 2016).

79. Because of Defendants' failure to pay Plaintiff's and Class Members' wages as required by Oregon's minimum wage laws, Plaintiff and Class Members are entitled to recover costs, disbursements, and reasonable attorney fees pursuant to ORS 653.055(4).

80. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in amounts to be determined at trial.

## <u>THIRD CAUSE OF ACTION</u>

## Failure to Pay Overtime Wages



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

**ORS 653.261; OAR 839-020-0030**

**On Behalf of Plaintiff and Overtime Subclass Members**

81. Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.

82. Under ORS 653.261 and OAR 839-020-0030, Defendants were required to pay one and one-half times the regular rate for all hours worked in excess of forty (40) hours in a workweek.

83. As described above, Plaintiff and Overtime Subclass Members are entitled to recover unpaid overtime under Oregon law for unpaid meal periods during which they were required to work, were interrupted, on-duty, or otherwise subject to interruption. Plaintiff and Overtime Subclass Members are also entitled to recover unpaid overtime wages for off-the-clock work, including preparing work areas, gathering supplies and equipment, and/or other work tasks, performed before and after recorded shifts, during unpaid meal periods, and/or otherwise outside of scheduled shift times.

84. Defendants failed to pay Plaintiff and Overtime Subclass Members all overtime owed. Defendants failed to count as hours worked the non-duty-free, deducted meal period time and the off-the-clock work described above, and each such uncompensated hour in a workweek of more than forty (40) hours was an overtime hour payable at one and one-half times the regular rate of pay, inclusive of all remuneration includable in the regular rate of pay under Oregon law.

85. The overtime wages due can be determined from Defendants' timekeeping, payroll, and compensation records on a workweek-by-workweek basis.

86. Plaintiff and Overtime Subclass Members who are within the applicable statute of limitations are entitled to collect the difference between wages received and the overtime wages due, in an amount to be proven at trial, together



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

with attorney fees, costs and disbursements, as well as pre- and post-judgment interest at the rate of 9% per annum. See ORS 653.261 and ORS 653.055(1), (4); ORS 652.200; ORS 82.010. Unpaid overtime, and any penalties or liquidated damages for the failure to pay overtime, are subject to a two (2)-year limitations period. ORS 12.110(3); *Athena v. Pelican Brewing Co.*, 345 Or. App. 172, 583 P.3d 550 (2025), *rev. allowed*, 375 Or. 395 (2026).

87. As a direct and proximate result of Defendants' violations, Plaintiff and Overtime Subclass Members have been damaged in amounts to be determined at trial, plus costs, disbursements, attorney fees, and interest.

## <u>FOURTH CAUSE OF ACTION</u>

### Unlawful Deductions from Wages

### ORS 652.610; ORS 652.615

### On Behalf of Plaintiff and Class Members

88. Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.

89. ORS 652.610(3) prohibits an employer from withholding, deducting, or diverting any portion of an employee's wages unless one of the conditions enumerated in that statute is satisfied, including that the deduction is voluntarily authorized in writing by the employee, is for the employee's benefit, and is recorded in the employer's books.

90. ORS 652.615 provides a private cause of action for a violation of ORS 652.610(3), under which the employee may recover actual damages or $200, whichever is greater, together with reasonable attorney fees and costs to the prevailing party.

91. As described above, Defendants made deductions from the wages of Class Members identified on their itemized wage statements without obtaining a



CROSNER LEGAL, P.C.
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

written authorization satisfying ORS 652.610(3)(b). Defendants' deductions were unlawful deductions from wages in violation of ORS 652.610(3).

92. As further described above, and in the alternative to the meal period wages sought in the First Cause of Action, Defendants' deduction of time from the paid hours of Plaintiff and Class Members for purported meal periods during which they were not relieved of all duties for thirty (30) continuous minutes constituted an unlawful deduction from wages in violation of ORS 652.610(3).

93. Accordingly, Plaintiff and Class Members are entitled to actual damages or $200, whichever is greater, under ORS 652.615 for Defendants' violations of ORS 652.610(3), together with reasonable attorney fees and costs. ORS 652.615.

94. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in amounts to be determined at trial.

## FIFTH CAUSE OF ACTION

**Collective Action Claim - Failure to Pay Overtime Wages**

**Fair Labor Standards Act, 29 U.S.C. §§ 207, 216(b)**

**On Behalf of Plaintiff and the FLSA Collective**

95. Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.

96. Plaintiff brings this claim under the FLSA, 29 U.S.C. § 216(b), which authorizes private rights of action to recover damages for violations of the FLSA's wage and hour provisions.

97. Plaintiff brings this FLSA claim on behalf of Plaintiff and all similarly situated individuals, the FLSA Collective, defined as follows:

All current and former non-exempt employees who worked for any one or



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

more of Defendants at any location in the State of Oregon at any time during the statutory period who were subject to any of the following timekeeping or pay practices:

(a) **Noncompliant Meal Periods** (working during unpaid meal periods that were on-duty, interrupted, and/or shortened to less than thirty (30) minutes, including when they were not paid at one and one-half times their regular rate of pay for all overtime hours worked when they worked more than forty (40) hours in a workweek); and/or

(b) **Pre- /Post-Shift Off-The-Clock Work** (performing uncompensated work before clocking in for the start of shifts and/or after clocking out at the end of shifts, including when they were not paid at one and one-half times their regular rate of pay for all overtime hours worked when such time caused their hours to exceed forty (40) in a workweek).

98. Attached hereto as **Exhibit 1** is Plaintiff's Consent to Join Collective Action pursuant to 29 U.S.C. § 216(b). Other FLSA Collective members may sign Consent to Join Collective Action forms and join as opt-in plaintiffs on this claim in the future.

99. At all relevant times, Defendants were "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203, and, based on information and belief, grossed more than $500,000 in each of the last three calendar years.

100. Plaintiff and the FLSA Collective are or were employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e).

101. The FLSA requires each covered employer to compensate all non-exempt employees for all hours worked and to pay overtime at a rate of no less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek. 29 U.S.C. § 207(a).

102. As described above, in violation of 29 U.S.C. § 207, Defendants failed



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

to pay Plaintiff and the FLSA Collective members at the lawful overtime rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. Specifically, Defendants' timekeeping and pay policies and practices deprived Plaintiff and the FLSA Collective of overtime compensation for compensable time, including but not limited to:

a. Noncompliant meal periods: Defendants' practice of deducting time from employees' paid hours for purported meal periods during which they were not relieved of all duties for thirty (30) continuous minutes, including meal periods that were interrupted (including through communication devices), shortened to less than thirty (30) minutes, and/or missed entirely, and of entering, editing, and/or adjusting recorded meal period start and stop times after the fact; and

b. Pre- /post-shift off-the-clock work: Defendants' practice of requiring Plaintiff and FLSA Collective members to perform work duties, including preparing work areas, gathering supplies and equipment, and/or other work tasks, before clocking in for the start of shifts and/or after clocking out at the end of shifts.

103. Defendants had actual and/or constructive knowledge that Plaintiff and FLSA Collective members were at times performing the work described above, yet Defendants failed to record or compensate them for this time.

104. Based on information and belief, FLSA Collective members were subject to the same timekeeping and pay practices described above.

105. The uncompensated meal period time and off-the-clock work described above caused Plaintiff's hours to exceed forty (40) in one or more workweeks during the three-year period preceding the filing of this Complaint, and Plaintiff did not



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

receive overtime compensation at one and one-half times Plaintiff's regular rate of pay for all such excess hours.

106. Plaintiff worked more than forty (40) hours and did not receive all owed overtime compensation during one or more of the following workweeks: workweek beginning on March 16, 2025.

107. Plaintiff was not compensated with owed overtime wages due to Defendants' failure to compensate Plaintiff for all hours worked, as described above.

108. Defendants failed to make a good faith effort to comply with the FLSA with respect to the compensation for Plaintiff and the FLSA Collective. Defendants knew, or showed reckless disregard for the fact, that Plaintiff and FLSA Collective members were performing work without proper overtime compensation. This conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and the three-year statute of limitations therefore applies.

109. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover all unpaid overtime wages, liquidated damages in an equal amount pursuant to 29 U.S.C. § 216(b), pre-judgment interest, and such other legal and equitable relief as the Court deems just and proper.

110. Plaintiff, on behalf of Plaintiff and the FLSA Collective, also seeks recovery of attorney fees and costs of suit as provided by the FLSA, 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Wherefore Plaintiff, on behalf of Plaintiff, Class Members, Overtime Subclass Members, and the FLSA Collective, prays for judgment against Defendants as follows:

A. An Order that this action may proceed and be maintained as a class action pursuant to Federal Rule of Civil Procedure 23, and certifying the Class



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

and the Overtime Subclass as defined above for the class periods defined above;

B. An Order that Plaintiff's FLSA claim may proceed as a collective action pursuant to 29 U.S.C. § 216(b), and directing the issuance of Court-approved notice to all similarly situated members of the FLSA Collective with instructions permitting them to assert timely FLSA claims in this action by filing individual Consent to Join Collective Action forms pursuant to 29 U.S.C. § 216(b);

C. An award of damages to Plaintiff and Class Members for all wages owed for noncompliant meal periods pursuant to ORS 653.055 and OAR 839-020-0050(2)(b), and for all unpaid wages for off-the-clock work and for hours suppressed by Defendants' meal period deduction and time-editing practices, including the full amount of wages owed pursuant to ORS 653.055;

D. An award of all unpaid overtime wages to Plaintiff and Overtime Subclass Members pursuant to ORS 653.261 and ORS 653.055;

E. Actual damages or $200, whichever is greater, under ORS 652.615 for Defendants' violations of ORS 652.610(3), for Class Members;

F. Civil penalties as provided under ORS 652.150 for Class Members for Defendants' willful failure to pay all wages due;

G. An award of all unpaid overtime wages to Plaintiff and the FLSA Collective members pursuant to the FLSA, 29 U.S.C. §§ 207 and 216(b);

H. An award of liquidated damages to Plaintiff and the FLSA Collective members in an amount equal to the unpaid overtime wages found due, pursuant to the FLSA, 29 U.S.C. § 216(b);

I. Attorney fees and costs, as allowed by law, including 29 U.S.C. § 216(b),



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

ORS 653.055(4), ORS 652.200(2), and ORS 652.615;

J. Prejudgment and post-judgment interest, including at the rate of nine percent (9%) per annum as provided by ORS 82.010; and

K. All other relief this Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

Dated: October 29, 2026

**CROSNER LEGAL, P.C.**

By: */s/ Jamie K. Serb*____________________

Jamie K. Serb (OSB No. 262027)
Victoria E. Ainsworth (OSB No. 222799)
Crosner Legal, P.C.
805 SW Broadway, Suite 900
Portland, OR 97205
Telephone: (866) 276-7637
Facsimile: (310) 510-6429
jamie@crosnerlegal.com
tainsworth@crosnerlegal.com

Attorneys for Plaintiff,
ROBERT PIELAET